**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MOHAMMAD DAUDI; PARI DAUDI; MURSSAL DAUDI; SOHEYL DAUDI, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-77013 <br><br> Agency Nos. A095-291-703 <br> A095-291-704 <br> A095-291-706 <br> A095-291-707 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2010[**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     This panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

Mohammad and Pari Daudi, and their children Murssal and Soheyl, petition for review of the denial of a new hearing by the Board of Immigration Appeals ("BIA"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for a new removal hearing. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We review a decision of the BIA for abuse of discretion. *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008). We uphold the decision unless the BIA "acted arbitrarily, irrationally, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000) (internal quotation marks omitted).

Here, the BIA was faced with what appeared to be two timely filed motions to reopen. The first was filed by a lawyer associated with the Daudis's lawyer on appeal. The motion presented evidence that the BIA had sent its denial of appeal to the wrong address and requested that the BIA reissue the denial. It was not accompanied by a motion to stay removal or the voluntary departure period. The second was filed by a new and unaffiliated lawyer. It was accompanied by a motion to stay removal and voluntary departure. It argued that the Daudis had received ineffective assistance of counsel from their three prior attorneys: at their hearing, on appeal, and, most importantly for our purposes, on the first motion to reopen. It was accompanied by papers substantially complying with the procedural

2

requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), including a complaint filed with the California Bar Association against the attorney who filed the first motion to reopen, and a letter to her presenting her with the Daudis's allegations against her.

In response, the BIA sent a letter to both attorneys, indicating that it had received both motions to reopen, and informing the attorney who filed the first motion that she must file a new notice of appearance if she wished to continue to represent the Daudis. Neither lawyer responded to the letter. Nor did the government file papers responding to either motion.

The BIA reissued its opinion on November 14, 2005. Noting the receipt of two "inconsistent" motions to reopen, the BIA elected to "adjudicate the first motion only" because "respondents did not withdraw the first motion, and counsel . . . did not withdraw as counsel." Because the BIA's initial decision had been returned as undeliverable, and because DHS had not responded to the motions, the BIA reissued its decision.

The second motion effectively withdrew the first. The BIA abused its discretion when it reissued its appellate decision without considering the argument made in the second motion to reopen. "We think it goes without saying that IJs

3

and the BIA are not free to ignore arguments raised by a petitioner." *Sagaydak v.*

*Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

We grant the petition for review and remand for the BIA for further

proceedings.  Given our resolution of the case we need not, and do not, decide any

other issue urged by the parties on appeal.

**PETITION GRANTED; REMANDED.**